IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY CAMERON JENSEN | * | |
| Plaintiff | * | Civil Action No: 1:16-cv-01175-WMN |
| v. | * | |
| HOWARD HATTON PHILLIPS, et al. | * | |
| Defendants | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## PLAINTIFF JEFFREY CAMERON JENSEN'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Jeffrey Cameron Jenson, through undersigned legal counsel, Luke A. Rommel, and Rommel and Associates, LLC, files this Response and Opposition to Defendants' Motion to Dismiss, and as grounds state as follows:

## I.    INTRODUCTION

### A.    Preliminary Facts and Allegations Set Forth in Mr. Jenson's Complaint.

Regrettably, both objectively, and as a matter of fact, it is fair to conclude this case should have been resolved differently, and more professionally, from a law enforcement standpoint.  The incident began at a festival known as "Pork in the Park," in Wicomico County, Maryland. (Complaint, para. 12)  Mr. Jensen was approached, unwelcomely, by Corporal Phillips, and after a brief, apparently superfluous verbal exchange, Corporal Phillips ordered Mr. Jensen to provide his identification.  (Complaint, paras. 13-14)  Mr. Jensen and his wife, who had accompanied him, both indicated to Corporal Phillips that Mr. Jensen did not have his drivers' license on him at the time. (Complaint, para. 14)  Thereafter, the situation escalated in scope and intensity.  (Complaint, paras. 14-15)  Mr. Jensen ultimately did not voluntarily provide his name to Corporal Phillips, citing what

1

he claimed were his legal rights to withhold such information.  (Complaint, para. 14)  After Mr.

Jenson refused to provide his name, he claims he was maliciously attacked by Corporal Phillips.

(Complaint, para. 5)  Mr. Jensen was then arrested, handcuffed, forced into a police vehicle, and

charged with three crimes: 1) Resisting Arrest; 2) Obstructing and Hindering; and 3) Disorderly

Conduct—Breach of Public Peace.

      The extent of the police force employed, (and the unanswered questions of fact regarding

the nexus to the Disorderly Conduct guilty plea) require Defendants' Motion to Dismiss to be

denied, at least in part.  The overwhelming majority of the facts alleged in this case, including

excessive police force, pertain to events that are unrelated to any event for which Mr. Jensen pled

guilty to in his criminal trial.[1]  Mr. Jensen's allegations, if assumed to be true, and when viewed in a

light most favorable to Mr. Jensen, comfortably cross the minimal threshold necessary to defeat a

Motion to Dismiss.  For these reasons, and the reasons set forth below, Plaintiff Jeffrey Jenson

requests that Defendants' Motion to Dismiss be denied.

    **B.**    **Specific Allegations of Excessive Force.**

      Preliminarily, Mr. Jenson is familiar with *Heck v. Humphrey,* 512 U.S. 477 (1994), and its

progeny, and this authority's impact (or lack thereof) on the claims made in the Complaint.  With

this awareness, Mr. Jensen's Complaint includes the following allegations related to excessive police

force, which are potentially unconnected to his guilty plea to Disorderly Conduct—Breach of Public

Peace:

    [Corporal] Phillips acted with actual malice when [Corporal Phillips] attacked Plaintiff.

    (Complaint, para. 17)

    [Corporal] Phillips then abruptly searched Plaintiff's person.  Plaintiff did not consent to be
    searched.  Plaintiff informed Officer Phillips that it was an illegal search.  Deputy Richardson

---

[1] In Criminal Case No.: 3-H-000-67980, Mr. Jensen pled guilty to Disorderly Conduct under
Maryland Criminal Code 7-104(c)(2), which provides, in pertinent part, that "a person may not
willfully act in a disorderly manner that disturbs the public peace[.]"

placed his hands around the handcuffs on Plaintiff while [Corporal] Phillips began searching Plaintiff.  As a result of the abrupt search, Plaintiff was startled when [Corporal] Phillips reached into Plaintiff's top jacket pocket causing Plaintiff to jerk his shoulder.

(Complaint, para. 17)

Plaintiff was escorted to a remote location in a parking lot where Plaintiff was forced into a police vehicle.

(Complaint, para. 18)

At no time did Plaintiff attempt to flee, retaliate or even resist the force as it was applied against him.  No force whatsoever was lawful, necessary or reasonable under the circumstances.  [Corporal] Phillips used excessive force against Plaintiff, in violation of Plaintiff's [constitutional rights].

(Complaint, para. 16)

The Defendants' use of force against Plaintiff was excessive, intentional and objectively unreasonable in light of the facts and circumstances confronting them.  The force applied by the Defendant(s), including [Corporal Phillips], was grossly disproportionate to any real or perceived public risk.

(Complaint, para. 30)

[Corporal] Phillips' conduct and unlawful and excessive use of force against the Plaintiff constituted an intentional touching of the Plaintiff, which resulted in the offensive, non-consensual touching of the Plaintiff by [Corporal] Phillips, and was undertaken deliberately and with actual malice.

(Complaint, para. 42)

C.     **False *De Facto* Arrest/Unreasonable Search and Seizure, Unrelated to Mr. Jensen's Guilty Plea to Disorderly Conduct—Breach of Public Peace, Under Maryland Criminal Law 7-104(c)(2).**

The following allegations set forth in the Complaint that support Mr. Jensen's claims for

False Arrest (Count III) and False Imprisonment (Count VI) include:

[Corporal Phillips] began questioning Plaintiff, [and] after a brief exchange, [Corporal Phillips] began asking Plaintiff for identification.  Plaintiff informed [Corporal] Phillips that Plaintiff did not have any identification.  [Corporal] Phillips asked Plaintiff for his driver's license.  Plaintiff informed [Corporal] Phillips that Plaintiff was not in possession of his driver's license.  Plaintiff's wife informed [Corporal] Phillips that Plaintiff did not have his driver's license with him.  During this exchange with [Corporal] Phillips, several other deputies working for Wicomico County Sheriff's Department arrived on the scene.  During the entire exchange with Corporal Phillips. . . [P]laintiff remained calm and polite.

3

(Complaint, para. 14)

[C]orporal Phillips then asked Plaintiff to provide his name.  Plaintiff informed [Corporal] Phillips that he did not believe he needed to provide his name. . . [Corporal] Phillips then demanded Plaintiff to provide his name or Plaintiff would be arrested.  [Corporal] Phillips never explained the reason why, or for what purpose, Plaintiff's name was necessary.  [Corporal] Phillips repeated his demand that Plaintiff provide his name or Plaintiff would be arrested.

(Complaint, para. 15)

Plaintiff's attempt to have any of [Corporal] Phillips' superiors respond to the location was to alleviate any concerns or issues [Corporal] Phillips may have had.  [Corporal] Phillips had an opportunity to deescalate the situation, but instead, [Corporal] Phillips acted with malice when [Corporal] Phillips informed Plaintiff that Plaintiff "was dealing with him."  Plaintiff did not believe he was free to walk away.

(Complaint, para. 14)

During this exchange with [Corporal] Phillips, several other deputies working for the Wicomico County Sheriff's Department arrived at the scene.

(Complaint, para. 14)

## II.      APPLICABLE LEGAL STANDARDS: MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), the court must accept the plaintiff's factual allegations as true and grant the plaintiff the benefit of all reasonable inferences. *Regional Airport Authority of Louisville v. LFG, LLC*, 460 F. 3d 697, 711 (6th Cir. 2006).  The party moving for dismissal under Rule 12(b)(6) bears the burden of showing that the plaintiff has failed to state a legal claim. *Total Benefits Planning Agency v. Anthem Blue Cross and Shield*, 552 F. 3d 430, 434 (6th Cir. 2008). In the context of Defendants' Rule 12(b)(1) Motion to Dismiss, the Court must "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F. 3d 472, 474 (4th Cir. 1997)(citations omitted).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it

4

rests.' " *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

### III.     ANALYSIS AND ARGUMENT

####     A.     It Cannot be Concluded, as a Matter of Law, at this Stage of the Proceedings, that Mr. Jensen's Excessive Force Claim is Barred by *Heck v. Humphrey*[2] or its Progeny.

The basic premise of this suit is clear: Mr. Jensen has alleged that he was subjected to excessive force by Corporal Phillips.  As this Court is well aware, Federal law prohibits the use of excessive force by a law enforcement officer.  Mr. Jensen's claim has been made, in pertinent part, under 42 U.S.C. § 1983 for the alleged violation of his rights under the Fourth Amendment to the United States Constitution.  Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In this context, the fundamental allegation made by Mr. Jenson was the reasonableness of the use of force employed by Corporal Phillips.  It is critical that under the Fourth Amendment, a law enforcement officer may only employ the amount of force that is reasonable under the circumstances when interacting with the public.  Therefore, in considering whether Corporal Phillips used excessive force, it must be determined whether a reasonable police officer would have used similar force under the circumstances.  In making this determination, the Court should consider whether Mr. Jensen posed an immediate threat to the safety of others, and whether Mr. Jensen actively resisted or attempted to evade Corporal Phillips.

---

[2] The *Heck v. Humphrey* doctrine requires a court in a  § 1983 action to ask (1) is there an underlying conviction that would conflict with the present actions; and (2) would the judgment in favor of the plaintiff necessarily imply or demonstrate the invalidity of the prior conviction or sentence. *Magana v. County of San Diego,* 835 F. Supp. 2d 906, 910 (S.D. Cal. 2011).

It is excessive force for a police officer to use force against a person who is not resisting or who does not pose an imminent threat to the safety of the officer or others.  As alleged by Mr. Jenson in his Complaint, no police force of any kind was objectively necessary in this case. (Complaint, para. 16)  If this Court is persuaded, therefore, that based upon the allegations in the Complaint, Corporal Phillips used force that was greater than a reasonable officer would have employed, Defendants' Motion to Dismiss must be denied.

At this stage of the proceedings, the allegations alleged in the Complaint weigh heavily in Mr. Jensen's favor.  Mr. Jensen contends that Corporal Phillips, without provocation, "attacked" him with "malice."  (Complaint, para. 5)  Mr. Jensen acknowledges that he pled guilty in state court to Disorderly Conduct under Md. Code CR 7-104(c)(2), and it simply cannot be said that this disposition would be reversed, invalidated or otherwise called into question under *Heck v. Humphrey*, 512 U.S. 477 (1994).

As Corporal Phillips emphasizes frequently in the Motion to Dismiss, *Heck v. Humphrey* bars a § 1983 action if it is clear from the record that its successful prosecution would necessarily imply that Mr. Jensen's previous conviction (or guilty plea, in this case) was invalid.  The *Heck* analysis requires a close factual examination of the underlying conviction.  *Heck*, 512 at 487, n. 7; *see also Ballenger v. Owens*, 352 F. 3d 842, 846-47 (4th Cir. 2003)(conducting fact-intensive inquiry to determine whether evidence from subsequently challenged Fourth Amendment violation was "uniquely available from the alleged illegal search" or was otherwise admissible or cumulative); *see also Willingham v. Loughnan*, 261 F. 3d 1178, 1183 (11th Cir. 2001), *judgment vacated on other grounds* (emphasizing the importance of examining a criminal trial transcript to determine if the underlying conviction, based on general verdict, would be called into question by a successful § 1983 claim).

In Mr. Jensen's case, the record is sparse.  Defendants have simply attached a print-out from Maryland Judiciary Case Search summarizing the disposition of the underlying criminal case.  It

cannot be determined that the claim of police brutality, or excessive force, would necessarily imply the invalidity of the earlier guilty plea to misdemeanor disorderly conduct. It is not clear from the record whether Corporal Phillip's "malicious attack" preceded, coincided with, or followed Mr. Jensen's conduct, which led or contributed to his decision to plead guilty in State District Court. Clearly, if there is no nexus between Corporal Phillip's alleged attack and Mr. Jensen's disorderly conduct, then a successful § 1983 suit for excessive force would not imply invalidity of the conviction. See *Smith v. City of Hemet*, 394 F. 3d 689, 697-699 (9th Cir. 2005)("[A] § 1983 action is not barred by *Heck* unless the alleged excessive force occurred *at the time* the offense was being committed[;] if the officers' alleged acts of excessive force occurred *before* or *after* [Civil Plaintiff] committed the acts to which he pled, they would not invalidate his conviction[.]") Likewise, multiple courts have reached the same conclusion that *Heck* does not bar § 1983 actions alleging excessive force under substantially similar circumstances, because even if the State Court is persuaded [the Civil Plaintiff] acted disorderly or even resisted a lawful arrest, this finding may coexist with a finding that the police officer (Corporal Phillips in this case) used excessive force to subdue the Plaintiff. See *Martinez v. City of Albuquerque*, 184 F. 3d 1123, 1127 (10th Cir. 1999); *Nelson v. Jashurek*, 109 F. 3d 142, 145-46 (3rd Cir. 1997); *Wells v. Bonner*, 45 F. 3d 90, 95 (5th Cir. 1995).

In Mr. Jensen's case, by comparison, his decision to plead guilty to disorderly conduct may coexist with a finding that Corporal Phillips' alleged attack was unprovoked and occurred independently of any breach of the public peace allegedly caused by Mr. Jensen. At minimum, the timing of the events, pre-discovery, is unclear, and the parties should be afforded the opportunity to gather additional facts on these issues; Defendants certainly have not offered a compelling timeline

in their Motion to Dismiss.  For these reasons, the Motion to Dismiss must be denied as to Counts I

and II.[3]

### B.     Unlawful *De Facto* Arrest

As noted by Mr. Jensen in his Complaint, this alleged incident began as a mere accosting.  As

claimed by Mr. Jensen:

> Initially, [Corporal] Howard Phillips, while on duty, accosted Plaintiff during an event called
> "Pork in the Park[.]"  No fights, physical disturbances of any kind occurred while the
> officers were at the scene. There was nothing that could have been to perceived to be a
> breach of peace or imminent threat of danger (physical or otherwise) to anyone on the scene
> at all relevant times.

> (Complaint, para. 12); compare *Swift v. State,* 393 Md. 139, 151 (Initial questioning of [the
> criminal defendant] was not an investigative stop, but rather a consensual encounter or
> accosting.)

Accordingly, initially Mr. Jensen was free to leave (or should have been free to leave) at any

time during his interaction with Corporal Phillips.  *Swift,* supra, at 151.  Unfortunately, the situation

quickly escalated from a mere police accosting to a much more prohibitive scenario, and ultimately a

premature, *de facto* arrest.  As alleged by Mr. Jensen:

> [Corporal Phillips] began questioning Plaintiff, [and] after a brief exchange, [Corporal
> Phillips] began asking Plaintiff for identification.  Plaintiff informed [Corporal] Phillips that
> Plaintiff did not have any identification.  [Corporal] Phillips asked Plaintiff for his driver's
> license.  Plaintiff informed [Corporal] Phillips that Plaintiff was not in possession of his
> driver's license.  Plaintiff's wife informed [Corporal] Phillips that Plaintiff did not have his
> driver's license with him.  During this exchange with [Corporal] Phillips, several other
> deputies working for Wicomico County Sheriff's Department arrived on the scene.  During
> the entire exchange with Corporal Phillips[.]

> (Complaint, para. 14)

---

[3] It is significant that no one has implied, much less affirmatively claimed, that Mr. Jensen was
armed, dangerous or aggressive at any stage of these proceedings.  The question can then be asked
rhetorically: what force of any nature whatsoever was reasonable and necessary under the
circumstances of this case? At this stage of the proceedings, this question is unanswerable; nothing
within the scope of the pleadings justifies the "malicious attack" and subsequent misuse of police
force described by Mr. Jensen in his Complaint.

These factual allegations are sufficient to support a claim for an unlawful, *de facto* arrest. In *Bailey v. State,* 412 Md. 349 (2012), the Maryland Court of Appeals, citing *Swift, supra,* make this point clear:

> An encounter [that] has been described as a fluid situation, and one which begins as a consensual encounter may lose its consensual nature and become an investigatory detention or arrest once a person's liberty has been restrained and the person would not be free to leave.
>
> [W]hen the officer, by means of physical force or a show of authority, has in some way restrained the liberty of a citizen we may conclude that a seizure has occurred. In determining whether a person has been seized, the crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to the reasonable person that he was not at liberty to ignore the police presence and go about his business.
>
> *Bailey,* 412 Md. at 365; citing *Swift,* at 152-53 (other citations omitted).

In Mr. Jensen's case, it is clear that once he was surrounded by other Wicomico County Sheriff's Deputies, no reasonable person under the circumstances would have felt free to leave. Likewise, when Mr. Jensen was told by Corporal Phillips that Mr. Jensen "was dealing with him," no reasonable person under the circumstances would feel at liberty to ignore the police presence and go about his business. (Compare Complaint, para. 14; *Bailey, supra,* at 365.)

In addition, Mr. Jensen's seizure constituted an unlawful *de facto* arrest. In this case, Corporal Phillips' conduct constituted an unambiguous show of force. He approached Mr. Jensen while in uniform, physically restrained Mr. Jensen, conducted a search of Mr. Jensen (for no known, objective reason) and ultimately took Mr. Jensen into police custody, where he was held in a cell for many hours. At this stage of the proceedings, it cannot be said, or conclusively determined, whether any of this misconduct (which should be objectively clear, by this point, that it is unlawful) had any nexus between Mr. Jensen's guilty plea to disorderly conduct. For these reasons, the Motion to Dismiss should be denied as to Counts III and VI.

IV.     UNCONTESTED MATTERS

In the spirit of objectivity, Mr. Jensen does not oppose Defendants' arguments as to Count IV—Civil Assault, and Count V—Battery.   Mr. Jensen also acknowledges that at this stage of the proceedings, there are insufficient facts set forth in the Complaint to support claims against Michael A. Lewis, but respectfully requests leave to amend in the event such facts are uncovered or disclosed during the discovery phase of these proceedings.

V.     CONCLUSION

For the reasons set forth above, Plaintiff, Jeffrey Jensen, requests that the Defendants' Motion to Dismiss is denied.

Date: June 21, 2016

_____
Luke A. Rommel, Esquire
(Federal Bar #16949)
lrommel@rommelandassociates.com
ROMMEL & ASSOCIATES, LLC
108 West Main Street, Suite 2B
Salisbury MD 21801
(443) 859-8131

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of June, 2016, a copy of the foregoing was filed and electronically served upon the following: Kevin Karpinski, Esquire (Kevin@bkcklaw.com), Karpinski, Colaresi & Karp, 120 East Baltimore Street, Suite 1850, Baltimore, Maryland 21202.

_____
Luke A. Rommel, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY CAMERON JENSEN                  *

    Plaintiff                               *

    v.                                      *    Civil Action No: 1:16-cv-01175-WMN

                                            *

HOWARD HATTON PHILLIPS, et al.          *

    Defendants                              *

                                            *

*   *   *   *   *   *   *   *   *   *   *   *   *

## ORDER

Upon consideration of Defendants' Motion to Dismiss, any response and opposition filed by Plaintiff thereto, and any oral argument related thereto, it is this _____ day of _____, 2016, by the United States District Court for the District of Maryland hereby

ORDERED, that Defendants' Motion to Dismiss is **DENIED**.

                                        _____

                                               Judge