**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

JEFFREY CAMERON JENSEN        *

         Plaintiff          *

       v.          *        Case No.: 1:16-CV-01175-WMN

HOWARD HATTON PHILLIPS, et al.        *

         Defendants        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

      SHERIFF MICHAEL A. LEWIS and CORPORAL HOWARD HATTON PHILLIPS, Defendants, by KARPINSKI, COLARESI & KARP, P.A. and KEVIN KARPINSKI, respectfully submit this Reply to Plaintiff's Response in Opposition (Document 9) ("Opposition") to Defendants' Motion to Dismiss (Document 7).

**IDENTIFICATION OF ISSUES CONTESTED
AND UNCONTESTED BY PLAINTIFF**

      The causes of action pleaded by Plaintiff Jeffrey Cameron Jenson (hereinafter "Plaintiff") all center on his April 21, 2013 arrest, the ensuing criminal charges, and his ultimate guilty plea to the charge of disorderly conduct. Defendants Sheriff Michael A. Lewis and Corporal Howard Hatton Phillips[1] moved to dismiss the Complaint with

---

[1]       Hereinafter referred to individually as "Sheriff Lewis" and "Corporal Phillips," and collectively as "Defendants."

prejudice in its entirety on multiple bases, including: 1) Plaintiff's §1983 claims are barred by the <u>Heck</u> doctrine;[2] 2) Plaintiff's guilty plea establishes probable cause for his arrest as a matter of law; 3) because there was probable cause to arrest Plaintiff, both the constitutional and State tort claims grounded on an arrest without legal justification must fail, including claims of false arrest, false imprisonment, battery and civil assault; 4) the only force described in the Complaint is the force used to handcuff Plaintiff while physically taking him into custody at the time he was lawfully arrested and thus, the claim for excessive force must fail; 5) because the arrest was legally justified, so was the search incident to that arrest, and thus, no unreasonable search occurred; 6) there was no violation of any constitutional rights, but even if any violation occurred, those rights were not clearly established and qualified immunity applies; 7) because Plaintiff has failed to sufficiently or plausibly plead malice or gross negligence, Defendants also enjoy the immunity afforded State personnel under the Maryland Tort Claims Act ("MTCA")from all State tort claims; 7) Plaintiff's failure to sufficiently plead malice as to Corporal Phillips also bars the battery claim; 8) the statute of limitations on Plaintiff's civil assault claim expired long before the Complaint was filed; and 9) the §1983 claims against Defendants in their official capacity are barred by Defendants' Eleventh Amendment immunity.

Plaintiff expressly concedes, as he must, that Count IV (civil assault) and Count V (battery) should be dismissed.[3] Opposition, page 10. Plaintiff also concedes that there are

---

[2]    <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994).

[3]    Plaintiff's causes of action are styled as follows:

insufficient facts pleaded to maintain any claim against Sheriff Lewis, identified as a Defendant in Counts I through IV. Id.[4] Thus, the only claims presently at issue are Counts I, II, III and VI against Corporal Phillips. Plaintiff fails to present any argument rebutting: 1) the dispositive relationship as a matter of law between his guilty plea and the existence probable cause justifying his arrest; 2) the effect of the legal existence of probable cause on his claims of false arrest, false imprisonment, unlawful seizure, and unreasonable search; 3) qualified immunity; 4) immunity enjoyed under the MTCA; and, 5) Eleventh Amendment immunity. Defendants respectfully submit that Plaintiff's failure to argue, let alone cite any contrary authority on these arguments, amounts to a concession on the remaining four Counts against Corporal Phillips.

Instead of dealing with all the issues, Plaintiff states that "basic premise" of the suit is that Plaintiff "was subjected to excessive force by Corporal Phillips." Opposition, page 5. Plaintiff's argument is limited to the two theories in Sections III(A) & (B) of the

---

| Count I | - | Violation of 42 U.S.C. 1983 |
| Count II | - | Violation of Civil Rights Pursuant to 42 U.S.C. Use of Excessive Force |
| Count III | - | Violation of Civil Rights Pursuant to 42 U.S.C. False Arrest |
| Count IV | - | Civil Assault |
| Count V | - | Battery |
| Count VI | - | False Imprisonment. |

All counts were pleaded against Corporal Phillips. Counts I through IV only were pleaded against Sheriff Lewis.

[4]    For the reasons set forth below, Plaintiff's request for dismissal with leave to amend the allegations against Sheriff Lewis should be denied as futile and untimely.

Opposition which comprise his entire analysis. Based on the titles and the text of Sections III(A) & (B), Plaintiff argues: 1) that Plaintiff's claim of excessive force is not barred by Heck; and, 2) that an unreasonable seizure occurred in the form of a "de facto arrest" before Plaintiff was actually arrested. Both arguments fail for reasons set forth fully below. Therefore, Defendants respectfully request this Honorable Court dismiss the Complaint in its entirety with prejudice.

I.   **WHERE, AS HERE, THE SUM TOTAL OF FORCE USED WAS THE FORCE NECESSARY TO APPLY HANDCUFFS TO PLAINTIFF DURING A LAWFUL ARREST, THERE CAN BE NO VIABLE CLAIM OF EXCESSIVE FORCE.**

The Court will search the Complaint in vain to find an allegation of any force applied to Plaintiff by Corporal Phillips other than placing Plaintiff in handcuffs. As a matter of law, that force described does not amount to excessive force. It is established in the Fourth Circuit that handcuffing an arrestee "is so insubstantial that it cannot as a matter of law support [a] claim under either the Fourth Amendment or the Fourteenth." Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (citing Martin v. Gentile, 849 F.2d at 868-69) (other citations omitted). Under the law in this Circuit, it was not excessive force to handcuff Plaintiff.

The objective reasonableness standard "balanc[es] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8, 105 S.Ct. 1694 (1985). When the governmental interest at issue is a lawful arrest, the right to make the arrest carries with it the right to use the amount of force that a

reasonable officer would think necessary to take the individual into custody. Martin, 849 F.2d at 869. The determination is to be made "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989). In this case, the minimal force used by the Corporal Phillips was lawful, under the Fourth Amendment, because it was proportionate force that a reasonable officer would view as necessary to take Plaintiff into custody.

Plaintiff's attempt to impose some other standard fails. Plaintiff argues that "[i]t is excessive force for a police officer to use force against a person who is not resisting or who does not pose an imminent threat to the safety of the officer or others." Opposition, page 6. However, handcuffing a lawfully arrested suspect simply does not amount to excessive force. "[A] standard procedure such as handcuffing would rarely constitute excessive force where the officers were justified, as here, in effecting the underlying arrest." Brown v. Gilmore, 278 F.3d 362, 369 (4th Cir. 2002). "To survive a motion to dismiss, the complaint must 'state a plausible claim for relief' 'that 'permits' the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. Coleman v. Court of Appeals of Maryland, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009)). Common sense, experience and the pertinent authorities all provide that Plaintiff's claim that he was subjected to "excessive force" by being handcuffed in the course of a lawful arrest is without merit.

II.   **PLAINTIFF'S GUILTY PLEA TO THE CHARGE OF DISORDERLY CONDUCT PRECLUDES PLAINTIFF'S PRESENT ASSERTION THAT HE WAS FALSELY ARRESTED AND/OR IMPRISONED.**

In the Complaint, Plaintiff has alleged injuries allegedly flowing from his actual arrest, brief detention and subsequent guilty plea,[5] and not, as reconfigured in his Opposition at Section B, from that period of time where several unnamed deputies responded to the scene of Plaintiff's encounter with Corporal Phillips. Plaintiff is apparently under the mistaken belief that there may be some (otherwise unexplained) benefit to making a temporal distinction between his admitted disorderly conduct (as evidenced by his guilty plea), and the moment Plaintiff now characterizes as a "de facto arrest." The essence of this misguided argument appears on page 9 of the Opposition, wherein Plaintiff hypothesizes:

> At this stage of the proceedings, it cannot be said, or conclusive determined, whether any of this misconduct (which should be objectively clear, by this point, that it is unlawful) had any nexus between Mr. Jensen's guilty plea to disorderly conduct.

(original punctuation and parenthetical maintained).

The "nexus" that actually is material in this case is the dispositive effect Plaintiff's guilty plea has on his §1983 claim of false arrest and his State common law tort claim of false imprisonment, and by extension, Plaintiff's assertion that he was subjected to excessive force (during an otherwise lawful arrest). Plaintiff fails to rebut Defendants'

---

[5]   "The direct affect [sic] and actual cause of [Corporal] Officer Phillips arresting [Plaintiff] resulted in [Plaintiff's] termination of employment … caused extreme economic actual damages by … loss of income … and to future earnings…" Complaint, ¶22.

contentions, as supported by the authorities cited by Defendants in their Motion to Dismiss, that: 1) Plaintiff's guilty plea establishes probable cause for his arrest as a matter of law; 2) because there was probable cause to arrest Plaintiff, both the constitutional and remaining State tort claim grounded on an arrest without legal justification must fail; 3) there was no violation of any constitutional rights, but even if any violation occurred, those rights were not clearly established and qualified immunity applies; and 4) because Plaintiff has failed to sufficiently or plausibly plead malice or gross negligence, Corporal Phillips also enjoys the immunity afforded State personnel under the MTCA the State tort claim of false imprisonment pleaded in Count VI.

Plaintiff's arrest was legally justified. "For a successful cause of action based on false arrest or false imprisonment, the plaintiff must establish that the defendant deprived him or her of his or her liberty without consent and without legal justification." Okwa v. Harper, 360 Md. 161, 190, 757 A.2d 118, 133 (2000).

> The test of legal justification, in the context of false arrest and false imprisonment, is "'judged by the principles applicable to the law of arrest.'" [Montgomery Ward v. Wilson, 339 Md. 701, 721, 664 A.2d 916, 926 (1995)] (quoting Ashton v. Brown, 339 Md. 70, 120, 660 A.2d 447, 472 (1995)). Therefore, "where the basis of a false imprisonment action is an arrest by a police officer, the liability of the police officer for false imprisonment will ordinarily depend upon whether or not the officer acted within his legal authority to arrest."

Heron v. Strader, 361 Md. 258, 264-65, 761 A.2d 56, 59 (2000). Pursuant to Md. Code Ann., Crim. Proc. Art., §2-202(b):

> A police officer who has probable cause to believe that a felony or misdemeanor is being committed in the presence or within the view of the police officer may arrest without a warrant any person whom the police

officer reasonably believes to have committed the crime.

Plaintiff pleaded guilty to a violation of Md. Code Ann., Crim. Law §10-201(c)(2), which provides that "[a] person may not willfully act in a disorderly manner that disturbs the public peace." In turn, Md. Code Ann., Crim. Law § 10-201(d) provides that "[a] person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 60 days or a fine not exceeding $500 or both."

There can be no serious contention (and there is no argument to the contrary in the Opposition), that the fact that Plaintiff pleaded guilty to disorderly conduct established as a matter of law the existence of probable cause to lawfully arrest Plaintiff. See Zablonsky v. Perkins, 230 Md. 365, 368, 187 A.2d 314, 316 (1963)(adopting the view that "a judgment or decree by a court of competent jurisdiction adverse to the defendant in the proceeding is, in general, conclusive proof of probable cause[.]"); Quecedo v. DeVries, 22 Md. App. 58, 70, 321 A.2d 785, 791 (1974) (finding that conviction on the charge of disorderly conduct represented "a conclusive determination of the existence of probable cause for the institution of the charge."); Asuncion v. City of Gaithersburg, Md., 73 F.3d 356, *2 (4th Cir. 1996) ("Under Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether the judgment is later reversed in a subsequent proceeding.").

Because probable cause existed to arrest Plaintiff for disorderly conduct as a matter of law, all claims grounded on false arrest or false imprisonment fail outright. All claims of excessive force fail because the existence of legal justification to effect the arrest carries

8

with the right to use the force necessary to effect the arrest, which is the only force complained of in the Complaint.

## III.    THE <u>HECK</u> DOCTRINE ABSOLUTELY APPLIES HERE.

Pursuant to <u>Heck</u>, a district court "must consider whether a judgment in favor of the [§1983] plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Heck</u>, 512 U.S. at 487, 114 S. Ct. at 2372. For the reasons set forth above as well as in the Motion to Dismiss, the only manner in which Plaintiff can succeed on his claims made pursuant to §1983, whether for false arrest, excessive force or an unreasonable search, is to invalidate the legal justification for his arrest for disorderly conduct. Because Plaintiff pleaded guilty to the charge, pursuant to <u>Heck</u>, he cannot maintain a §1983 claim by now adopting a position which would invalidate that conviction.

Plaintiff now attempts to raise a question of whether the force utilized against him; <u>i.e.</u>, the handcuffing procedure, may be conceptually separated from the timing of his disorderly conduct. Preliminarily, even if this argument had any validity, and it does not, any failure to demonstrate a meaningful temporal distinction is a problem related to the sufficiency of Plaintiff's pleading, and not a problem that can be solved through discovery, as indicated in the Opposition. This is because Plaintiff was present throughout the encounter and should have had all pertinent facts at this command.

In any event, Plaintiff's conduct throughout the encounter with Corporal Phillips

is inextricably intertwined with the behavior giving rise to the disorderly conduct charge on the face of the Complaint. In Plaintiff's own words, "a couple of people walking peacefully among the vendors in the immediate area stopped to observe the interaction of the police officers surrounding Plaintiff." Complaint, ¶14. This comports with the charge to which Plaintiff ultimately pleaded guilty which provides that a person may not willfully act in a disorderly manner that disturbs the public peace. Corporal Phillips did not single Plaintiff out for an investigation out of the blue, but was merely requesting identification from Plaintiff for the purpose of resolving the concern raised by a vendor at the festival which concern also grew out of Plaintiff's conduct. It requires no great conceptual leap to reasonably infer that had Plaintiff adopted a cooperative demeanor in response to the initial encounter with Corporal Phillips, the public peace would have been maintained throughout.

In a failed attempt to assert that <u>Heck</u> does not apply, Plaintiff cites four extra-jurisdictional cases each of which is distinguishable on the facts. In <u>Smith v. City of Hemet</u>, 394 F.3d 689 (9th Cir. 2005), the facts included that plaintiff Smith declined to cooperate with an investigation of a domestic dispute and declined to submit to arrest. After Smith was pepper-sprayed once and taken to the ground, Smith allegedly was purposefully attacked and repeatedly bitten by a police dog, dragged off his porch face-down, and pepper-sprayed four more times including once while he was pinned to the ground. <u>Smith</u>, 394 F.3d at 694. The Ninth Circuit concluded that Smith's guilty plea grounded on his initial refusal to cooperate was not implicated by the subsequent events.

In contrast, the force used in the instant matter was the force necessary to effect a lawful arrest by placing Plaintiff in handcuffs at the moment he was arrested.

Likewise, <u>Martinez v. City of Albuquerque</u>, 184 F.3d 1123 (10th Cir. 1999) bears no resemblance to the instant case. Martinez' conviction for resisting arrest, under New Mexico law, did not preclude him from pursuing a §1983 claim for use of excessive force against the arresting officer to the extent that the excessive force claim did not challenge the lawfulness of his arrest and conviction, and given that the conviction was based on Martinez' prearrest flight from scene. Therefore, a finding that officers may have used excessive force in effecting an arrest after the flight would not demonstrate the invalidity of Martinez' conviction for resisting arrest.

Plaintiff's third case, <u>Nelson v. Jashurek</u>, 109 F.3d 142 (3d Cir. 1997), is similarly distinguishable from the instant case in that, like <u>Smith</u> and <u>Martinez</u>, it involved a civil claim flowing from force utilized after the conduct giving rise to the arrest. <u>Id.</u>, 109 F.3d. at 144. The <u>Nelson</u> court did determine that <u>Heck</u> was not necessarily a bar to the civil suit, but the court's reasoning actually cuts against Plaintiff's argument here:

> we believe that the Supreme Court intended to demonstrate that a civil suit for an unreasonable seizure predicated on a false arrest would be barred so long as a conviction for resisting the same arrest remained unimpaired. But this case is different because Nelson does not charge that Jashurek falsely arrested him. Instead, Nelson charges that Jashurek effectuated a lawful arrest in an unlawful manner.

<u>Nelson</u>, 109 F.3d at 145-46. The guilty plea to disorderly conduct in the instant matter remains unimpaired. Furthermore, Plaintiff's §1983 claims could only survive here through a determination that his arrest occurred without legal justification. Because that

argument necessarily implicates the validity of the guilty plea, <u>Heck</u> applies here to bar the claims in Counts I, II, and III.

Plaintiff's fourth cited case also works against his cause. In <u>Wells v. Bonner</u>, 45 F.3d 90 (5th Cir. 1995), the Fifth Circuit considered an interlocutory appeal of denial of summary judgment grounded on an assertion of qualified immunity among other defenses. Plaintiff Wells pleaded claims of a false arrest, excessive force in effecting the arrest, and malicious prosecution against the defendant police officers. Ultimately, the <u>Wells</u> court found that <u>Heck</u> barred the claims of false arrest and malicious prosecution and, while <u>Heck</u> did not necessarily bar the excessive force claim in light of a factual dispute, the claim was so deficiently pleaded that it could not survive.

The reasoning of the <u>Wells</u> court is instructive on two fronts here:

> We next turn to Wells's §1983 claim based on his arrest. First, he alleges that he was subjected to a false arrest. He seeks to prove that his arrest lacked a basis in probable cause. It is immediately clear that again the rationale of <u>Heck</u> precludes his claim of false arrest. As we have noted earlier, Wells was arrested and charged with resisting a search and disorderly conduct. He was duly convicted—a conviction that still stands—for resisting a search. Although it is true that the defendant officers also charged Wells with disorderly conduct, and that Wells was not convicted on that charge, these facts are insignificant in determining whether Wells presently has a §1983 claim for an unconstitutional arrest. **The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest. If there was probable cause for any of the charges made—here either disorderly conduct or resisting a search—then the arrest was supported by probable cause, and the claim for false arrest fails. Thus, Wells's proof to establish his false arrest claim, <u>i.e.</u>, that there was no probable cause to arrest either for disorderly conduct or for resisting a search, would demonstrate the invalidity of Wells's conviction for resisting a search. <u>Heck</u>, 512 U.S. at ----, 114 S.Ct. at 2372. Consequently, <u>Heck</u> dictates that his claim for false arrest is not cognizable in the absence of the invalidation of his conviction for**

**resisting a search, which, as we have noted, has not occurred.**

Finally, we come to Wells's claim that the police officers applied excessive force during his arrest. As we have sufficiently amplified, under <u>Heck</u> a claim based upon alleged conduct that would have the consequences of demonstrating the invalidity of a conviction or sentence is not cognizable under §1983. <u>Id.</u> at ––––, 114 S.Ct. at 2372. "But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." <u>Id.</u> (footnotes omitted) (emphasis in original). For the purposes of our analysis of the defendant officers' motion for summary judgment, we will assume that a factual dispute exists whether the degree of force applied in effecting this arrest was unreasonable, and we will further assume, without deciding, that a finding of excessive force would not "imply the invalidity" of his conviction for resisting a search. <u>Id.</u>

<u>Wells</u>, 45 F.3d at 95.

First, <u>Wells</u> reinforces the concept that Plaintiff's guilty plea to disorderly conduct validates the legal justification for Plaintiff's arrest, and therefore, Plaintiff's claims grounded on false arrest and false imprisonment must fail. Second, the excessive force claim in <u>Wells</u> survived <u>Heck</u> (only to fail on other grounds) because of a dispute of material fact related to the degree of force used as it related to a charge of resisting a search. In the instant matter, as already argued, there is no genuine dispute of material fact related to the degree of force used. On the face of the Complaint, the only force used was that force necessary to effect a lawful arrest. In turn, that force is not excessive as a matter of law. Stated differently, if the instant excessive force claim were to survive presently, and it should not, that would necessarily imply that the arrest was invalid, a concept that brings the claim within the parameters of claims barred by <u>Heck</u>. Thus, the <u>Heck</u> doctrine bars all remaining claims.

IV.   **ALTERNATIVELY AND ADDITIONALLY, THE COURT MAY DISMISS ALL CLAIMS NOT EXPRESSLY CONCEDED ON THE GROUNDS PLAINTIFF HAS FAILED TO REBUT DISPOSITIVE ARGUMENTS IN DEFENDANTS' MOTION TO DISMISS.**

As noted above, Plaintiff fails to present any argument rebutting: 1) the dispositive relationship as a matter of law between his guilty plea and the existence probable cause justifying his arrest; 2) the effect of the legal existence of probable cause on his claims of false arrest, false imprisonment, unlawful seizure, and unreasonable search; 3) Defendants' entitlement to qualified immunity on the §1983 claims in Counts I through III; 4) Corporal Phillips immunity afforded under the MTCA as to Count VI; and 5) Eleventh Amendment immunity as to all claims against Defendants in their official capacity. Defendants respectfully submit that Plaintiff's failure to argue, let alone cite any authority to the contrary on these issues, amounts to a concession on the remaining four Counts against Corporal Phillips and subjects those claims to dismissal with prejudice for the reasons set forth in Defendants' Motion to Dismiss.

V.   **BECAUSE ANY LIABILITY OF SHERIFF LEWIS WOULD NECESSARILY BE DERIVATIVE OF PLAINTIFF'S FAILED CLAIMS AGAINST CORPORAL PHILLIPS, THE COURT SHOULD REJECT PLAINTIFF'S SUGGESTION THAT THE COMPLAINT BE DENIED WITH LEAVE TO AMEND.**

As Plaintiff has conceded, there are no allegations in the Complaint describing any act or omission by Sheriff Lewis, which even if proven, would support any of the causes of action pleaded in the Complaint. Thus, any claims against Sheriff Lewis could only possibly be derivative of any claim against Corporal Phillips. Because the claims against Corporal Phillips fail, there can be no viable derivative liability against Sheriff Lewis. If

14

there were some other viable basis for asserting a claim against Sheriff Lewis, and there are none under the facts and circumstances giving rise to the Complaint, any such claims should have been asserted prior to the expiration of the statute of limitations on April 22, 2016. Therefore, the Court should reject Plaintiff's suggestion that the Complaint should be dismissed with leave to amend as to Sheriff Lewis.

<u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons, as well as the reasons set forth in their Motion to Dismiss, Defendants Sheriff Michael A. Lewis and Corporal Howard H. Phillips respectfully request this Honorable Court dismiss with prejudice Plaintiff's Complaint in its entirety.

KARPINSKI, COLARESI & KARP

BY: _____/s/_____
KEVIN KARPINSKI, #11849
Suite 1850
120 East Baltimore Street
Baltimore, Maryland 21202
410-727-5000
Kevin@bkcklaw.com
*Attorneys for Defendants Sheriff Michael A. Lewis and Corporal Howard H. Phillips*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 6th day of July 2016, a copy of the foregoing was

electronically filed with notice to:

Luke A. Rommel, Esquire
Rommel & Associates, LLC
108 West Main Street
Suite 2B
Salisbury, Maryland 21801
*Attorneys for Plaintiff*


_____/s/_____
Of Counsel for Defendants