IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY CAMERON JENSEN          *
                                *
v.                              *     Civil Action No. WMN-16-1175
                                *
HOWARD HATTON PHILLIPS <u>et al.</u> *

    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Before the Court is a Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment, filed by Defendant Corporal Howard Hatton Phillips.  ECF No. 15.[1]  That motion is fully briefed.  Upon review of the motion and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of an encounter between Plaintiff Jeffrey Cameron Jensen and Defendant Corporal Howard Hatton Phillips of the Wicomico County Sheriff's Office on April 21, 2013.  On that date, Plaintiff was attending an outdoor festival in Salisbury, Maryland, with his wife.  Corporal Phillips

---

[1] Defendants previously filed a motion to dismiss the original complaint.  ECF No. 7.  One day after that motion was fully briefed, Plaintiff filed a motion for leave to amend his complaint.  ECF No. 12.  Corporal Phillips has indicated that, in the interest of expediency, he does not oppose that motion. ECF No. 15-1 at 2.  The Court will grant Plaintiff's motion to amend the complaint, and deny Defendants' prior motion to dismiss that complaint as moot.

approached Plaintiff and asked for his identification,
explaining that "we have reports that you are going around
impersonating an officer." Def.'s Mot., Ex. B,[2] ECF No. 15-3.
Plaintiff was employed at the time as a Compliance Inspector II
for the Comptroller of Maryland.[3] Plaintiff had previously
approached a tobacco vender at the festival and asked to see the
vendor's "Other Tobacco Product" license and certificate. When
the vendor inquired as to Plaintiff's identity, Plaintiff
dropped his request and walked away.

In response to Corporal Phillips' request for
identification, Plaintiff indicated that he had no
identification with him and Plaintiff's wife explained that
Plaintiff had left his wallet at home. Corporal Phillips then
asked Plaintiff to provide his name but Plaintiff repeatedly
refused, informing Corporal Phillips that he did not believe he
was required to provide his name. Corporal Phillips then
ordered him to give his name and indicated that, if he did not
do so, he would be arrested. Plaintiff continued to refuse to
provide his name, and Corporal Phillips then placed him in
handcuffs. Id.

---

[2] This exhibit is the complaint Plaintiff filed with the Wicomico
County Sheriff's Office on April 21, 2014.

[3] Plaintiff asserts his employment was terminated after his
employer was informed of his arrest by the Wicomico County
Sheriff's Office. Id. at 2; Am. Compl. ¶ 22.

By this time, several other Wicomico County Sheriff Deputies had arrived at the scene.  After Plaintiff was handcuffed, the Deputies began to search through the pockets of his clothes.  Plaintiff relates that the Deputies pulled everything out of his pockets and then either placed the contents back in his pockets or handed items to Plaintiff's wife.  Plaintiff was then walked over to a police car.  As the Deputies began placing him in a position to be seated in the back seat, Plaintiff told them to "wait a second," because he had a knee injury that required him to use special care. Plaintiff states that the Deputies threatened to TASER him if he did not sit down.  When he started to sit down, he again told the Deputies to wait a second because he had something in his back pocket and they again threatened to TASER him.  They then removed the contents from his back pocket and Plaintiff sat down onto the back seat of the vehicle.  Plaintiff was never TASERed.

Plaintiff's arrest took place about 3:30 in the afternoon. He was subsequently charged with obstructing and hindering, resisting arrest, and disorderly conduct and was released on bail at about 1:00 the next morning.  On August 5, 2013, Plaintiff appeared for trial on those charges at the District Court of Maryland for Wicomico County where he was represented by private counsel.  Plaintiff entered a guilty plea on the charge of disorderly conduct and the remaining two charges were

3

nol prossed.  Mot., Ex. A.  Plaintiff was sentenced to probation before judgment and assessed court costs.  Id.

Plaintiff filed suit in this Court on April 20, 2016, one day shy of three years after the incident in question. Proceeding pro se, he brought claims against Corporal Phillips, as well as Michael Lewis, the Sheriff of Wicomico County.  The original Complaint contained six counts: "Count I – Violation of 42 U.S.C. 1983;" "Count II - Violation of Civil Rights Pursuant to 42 U.S.C. 1983 Use of Excessive Force;" "Count III – Violation of Civil Rights Pursuant to 42 U.S.C. 1983 False Arrest;" "Count IV - Civil Assault" "Count V – Battery;" and "Count VI - False Imprisonment."  Defendants filed a motion to dismiss the complaint in its entirety.  Plaintiff, now represented by counsel, filed an opposition in which he indicated that he did not oppose the dismissal of Counts IV and V, the assault and battery claims.  He also acknowledged that there were insufficient allegations in the Complaint to support the claims against Sheriff Lewis.

In the Amended Complaint filed by Plaintiff's counsel the day after Defendants filed their reply brief, the assault and battery claims were dropped, as well as the claims against Sheriff Lewis.  While the allegations in the Amended Complaint are generally the same as the original complaint, Plaintiff's counsel attempted to elevate the language relating to the

physical force used by the arresting officers.  Plaintiff now
alleges that Corporal Phillips attacked Plaintiff by "lunging
towards him, forcefully pulling his shoulder, grabbing hold of
him, and unwelcomely and forcefully reaching repeatedly inside
Plaintiff's pockets."  Am. Compl. ¶ 15.[4]  In addition, the
Amended Complaint attempts to alter the sequence of events, now
alleging that "[b]efore the arrest, Corporal Phillips thrust his
hand into Plaintiff's top pocket."  Am. Compl. ¶ 17 (emphasis
added).  As Defendant correctly observes, however, this
resequencing is inconsistent with other allegations in the same
paragraph which allege that a Deputy "placed his hands around
the handcuffs on Plaintiff while Officer Phillips began
searching Plaintiff."  Id.

Corporal Phillips has moved for dismissal or, in the
alternative, for entry of summary judgment, as to all claims
against him in the Amended Complaint.

## II. LEGAL STANDARD

Here, Defendant has submitted material outside the pleadings
with his motion.  When matters outside the pleadings are presented
to and not excluded by the court, a motion under Rule 12(b)(6) must
be treated as one for summary judgment under Rule 56.  Rule 56(b)

---

[4] A review of the red-lined version of the Amended Complaint
highlights Plaintiff's counsel's repetitious insertion of this
"lunging," "grabbing," "forcefully reaching" language into the
Amended Complaint.  See ECF No. 13, Redlined Amended Complaint
¶¶ 16, 17, 30, 35.

of the Federal Rules of Civil Procedure provides that summary judgment shall be entered in favor of a moving party when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. Trial judges have an affirmative obligation to prevent factually unsupported claims from proceeding to trial. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1986).

Where, in a case "decided on summary judgment, there have not yet been factual findings by a judge or jury, and [one party's] version of events . . . differs substantially from [the other party's,] . . . courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Id. 550 U.S. at 380.

**III. DISCUSSION**

The precise scope of Plaintiff's cause of action in each of the different counts is less than clear. Count I, captioned as "Violation of 42 U.S.C. § 1983" references Plaintiff's rights

6

"to be free from unreasonable searches and seizures;" "not to be deprived of liberty without due process of law;" "to be free from excessive force by persons under the color of law;" and "to be free from false arrest." Am. Compl. ¶ 28. Count II is captioned as "Violation of Civil Rights Pursuant to 42 U.S.C. 1983 Use of Excessive Force," but references both the rights to be free of excessive force and unreasonable seizures. Id. ¶ 36. Count IV of the Amended Complaint, which was mis-numbered as Count VI and captioned "False Imprisonment," included the assertion that "Plaintiff had constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and excessive force." Am. Compl. ¶ 42.

In his motion to dismiss, or for summary judgment, Corporal Phillips characterizes the Amended Complaint as asserting essentially three claims under 42 U.S.C. § 1983, claims for false arrest, excessive force, and an unreasonable search. ECF No. 15-1 at 5. In opposing the motion, Plaintiff only provides direct argument in support of his claims for "Excessive Force" (Argument and Analysis III.A) and "Count III - False Arrest/Count IV –False Imprisonment" (Argument and Analysis III.B). Plaintiff references the search of his person, but only in the context of the amount of force used in conducting the search. See, ECF No. 16 at 7 (referencing a dispute over the

"full extent of police force used to search [Plaintiff]").  The
Court will assume, for purposes of this memorandum, that
Plaintiff is asserting claims of false arrest, excessive force,
and unlawful search.

Plaintiff's false arrest claim is foreclosed as a matter of
law by his guilty plea.  A claim of false arrest requires that
that there was no legal authority or justification for the
arresting officer's actions.  Ashton v. Brown, 660 A.2d 447, 472
(Md. 1995).  A conviction establishes that there was probable
cause for the arrest and bars any claim for false arrest or
false imprisonment.  Brown-Rice v. Maryland, Civ. No. CCB-09-
219, 2009 WL 1690516, at *1 (D. Md. 2009).  Plaintiff was
convicted of disorderly conduct - breach of the public peace,
albeit by the entry of his guilty plea.

In his opposition, Plaintiff does not challenge the
"applicable legal precedent in this regard; he cannot pursue a
false arrest claim if a judgment in his favor would call into
question the validity of his state court convictions."  ECF No.
16 at 9 (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)).  He
posits, however, that the application of that principle in his
case is "more nuanced."  Id.  To avoid the bar created by his
guilty plea, Plaintiff now argues that his disorderly conduct
and breach of the public peace, the crime for which he was

convicted, did not occur until "<u>after</u> he was arrested for

unknown reasons." <u>Id.</u>

The Court notes that the Amended Complaint does not so

narrowly segment the time frame of Plaintiff's false arrest

claim.[5]  Even were the Court to read the claim as so narrowly

segmented, the undisputed facts establish that Corporal Phillips

had probable cause to arrest Plaintiff for the crime of

obstruction and hindering prior to effecting Plaintiff's arrest.

"In Maryland, obstructing and hindering a law enforcement

officer in the performance of his duty is a common law offense."

<u>Titus v. State</u>, 32 A.3d 44, 50 (Md. 2011).  The offense is

established where there is:

> (1) A police officer engaged in the performance of a
> duty;
>
> (2) An act, or perhaps an omission, by the accused
> which obstructs or hinders the officer in the
> performance of that duty;
>
> (3) Knowledge by the accused of facts comprising
> element (1); and
>
> (4) Intent to obstruct or hinder the officer by the
> act or omission constituting element (2).

<u>Cover v. State</u>, 466 A.2d 1276, 1284 (Md. 1983).  Plaintiff has

acknowledged that when Corporal Phillips approached him he

explained that he was investigating reports that Plaintiff was

---

[5] As Defendant observes, it is difficult to imagine what
compensable damages could result from this narrowly defined
period of detention.

going about impersonating an officer.  Def.'s Mot., Ex. B at 1.
As part of his investigation, Corporal Phillips attempted to
obtain Plaintiff's name and identity in order to determine
whether Plaintiff had the authority to question vendors
regarding their licensure.  Plaintiff was aware that Corporal
Phillips was a police officer and knew the purpose of his
investigation and, nonetheless, repeatedly refused to simply
provide his name.  Under the facts acknowledged by Plaintiff,
Corporal Phillips had probable cause to arrest Plaintiff for the
crime of obstructing and hindering prior to effecting
Plaintiff's arrest.

A finding that the arrest was proper also resolves
Plaintiff's remaining claims.  "[T]he right to make an arrest or
investigatory stop necessarily carries with it the right to use
some degree of physical coercion or threat thereof to effect it."
Graham v. Connor, 490 U.S. 386, 396 (1989).  In the complaint
submitted to the Wicomico County Sheriff's Office just one year
after the event in question, the only physical force that Plaintiff
asserted was actually employed was his being handcuffed.  The
Fourth Circuit Court of Appeals has held that the handcuffing of an
arrestee "is so insubstantial that it cannot as a matter of law
support [a] claim under either the Fourth Amendment or the
Fourteenth."  Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir.
1999).

Plaintiff's description of the course of events subsequent to his arrest belies any inference of excessive force.  While he asserts that the Deputies reached into his pockets looking for some identification, he also states that they handed Plaintiff's phone to Plaintiff's wife and replaced other items into Plaintiff's pockets.  When placing Plaintiff in the police car, Plaintiff makes no claim that the Deputies did not permit him to enter the vehicle in a manner that did not aggravate his preexisting knee injury. They also stopped the insertion of Plaintiff into the vehicle in order to remove an object from Plaintiff's back pocket about which Plaintiff had expressed concern.  While Plaintiff alleges that the Deputies threatened to TASER him, he makes no claim that they did so.

Plaintiff's counsel's elevated language inserted into the Amended Complaint still falls far short of establishing an excessive force claim.  Simply "lunging" towards an individual is not a use of force, much less excessive force.  Pulling on a shoulder or grabbing an individual incident to placing that individual in handcuffs is not excessive force.  Simply reaching in an individual's pockets, even if "unwelcomely and forcefully," does not rise to the level of excessive force.

To the extent that Plaintiff is still asserting a claim of an unreasonable search, it also fails.  It is well established that a "'custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion

11

being lawful, a search incident to the arrest requires no additional justification.'" Spence v. State, 118 A.3d 864, 868 (Md. 2015) (quoting United States v. Robinson, 414 U.S. 218, 235 (1973)).  The Court detects in Plaintiff's counsel's attempt in the Amended Complaint to transport the search back to a time period before the arrest an implicit acknowledgement that the search would have been lawful as a search incident to arrest.  This new re-ordering of events, however, is inconsistent with Plaintiff's previous statements as well as other allegations in the Amended Complaint and will not be credited.

Aside from the unpersuasive arguments going to the merits of his claims, Plaintiff's primary argument in opposing the instant motion is that "[b]efore the Court rules on this Motion for Summary Judgment, Mr. Jensen must be provided a reasonable opportunity to discover facts and evidence material to this case." ECF No. 16 at 2.  While there are certainly cases where a party needs discovery in order to adequately oppose a summary judgment motion, this is not such a case.  Plaintiff has firsthand knowledge of all the facts that could support or defeat his claims, including the sequence of events at the festival, Corporal Phillips' use of force and, perhaps most significantly, Plaintiff's guilty plea.

For all these reasons, the Court concludes that Corporal Phillips is entitled to summary judgment on all claims brought

against him.  A separate order consistent with this memorandum

will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: January 12, 2017